IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES E. BARANOWSKI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 08-544 |
| | ) | |
| CAPTAIN ROGER N. WATERS and | ) | Judge Nora Barry Fischer |
| LIEUTENANT CHARLES L. DEPP, | ) | U.S. District Judge |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

I. **Introduction**

This is an action involving a police officer who claims that he was constructively discharged in violation of the First and Fourteenth Amendments to the United States Constitution and Article I, Sections 7 and 26 of the Pennsylvania Constitution. Pending before the Court is a motion for summary judgment filed by the Defendants. (Docket No. [10]). For the reasons that follow, that motion will be granted.

II. **Background**[1]

On December 24, 2002, Michael Ellerbe ("Ellerbe"), a 12-year old black male, was fatally shot in the back by a member of the Pennsylvania State Police ("PSP"). (CV-05-1379, Docket Nos. 45 & 49, ¶ 11). The shooting allegedly occurred while Ellerbe was attempting to

---

[1] The Court's prior opinions in Civil Action No. 05-1379, a related action, describe the factual background of the present controversy in greater detail. *Baranowski v. Waters*, Civil Action No. 05-1379, 2008 WL 4000406, 2008 U.S. Dist. LEXIS 64802 (W.D.Pa. August 25, 2008); *Baranowski v. Waters*, Civil Action No. 05-1379, 2008 WL 728366, 2008 U.S. Dist. LEXIS 21301 (W.D.Pa. March 18, 2008). Given that those opinions adequately describe the circumstances surrounding this controversy, and because this opinion does not address the merits of any claims asserted by Plaintiff James Baranowski, there is no need for the underlying factual background to be repeated in great detail. Only the facts relevant to the procedural matters presently at issue will be restated.

1

flee from police officers Samuel Nassan ("Nassan") and Juan Curry ("Curry"). (*Id.*, ¶ 13). At the time of the shooting, Plaintiff Sergeant James Baranowski ("Baranowski"), a member of the PSP, was at the Uniontown State Police Barracks ("Uniontown Barracks"). (*Id.*, ¶ 14). He arrived at the scene of the shooting shortly after receiving word about what had happened. (*Id.*, ¶ 15). Because he was the highest ranking officer at the scene, he was considered to be the "incident commander." (*Id.*, ¶ 14). In a Homicide Investigation Action Report dated December 27, 2002, Baranowski recorded the version of events described by Nassan and Curry. (CV-05-1379, Docket No. 26-10, pp. 12-17).

After reflecting on what he had observed at the scene of the shooting, Baranowski began to suspect that the incident had not occurred in the manner described by Nassan and Curry. (CV-05-1379, Docket No. 45, ¶ 18). On February 12, 2003, Baranowski was questioned about the matter by a Federal Bureau of Investigation ("FBI") agent. (*Id.*, ¶ 20). At that time, Defendant Lieutenant Charles L. Depp ("Depp") was the "Troop B" Uniontown Barracks Station Commander. (CV-05-1379, Docket Nos. 45 & 49, ¶ 21). Baranowski contends that he was summoned to Depp's office after speaking with the FBI agent, at which point he relayed to Depp his misgivings about the description of events which had been given by Nassan and Curry. (*Id.*, ¶ 28). During the relevant period of time, Defendant Captain Roger N. Waters ("Waters") was the Commander of "Troop B," which maintained its headquarters in Washington, Pennsylvania. (*Id.*, ¶ 32). One week after his alleged conversation with Depp, Baranowski allegedly told Waters that he had reservations about the manner in which the Ellerbe shooting was being investigated. (*Id.*, ¶ 38). In a subsequent conversation with Depp, Baranowski was allegedly warned not to perform private investigative work on behalf of Ellerbe's family. (*Id.*, ¶ 39).

2

Depp initiated six "Use of Force or Complaint Reception and Processing Worksheets" against Baranowski between March 3, 2003, and March 11, 2003. (*Id.*, ¶ 40). These disciplinary complaints were based on matters unrelated to the Ellerbe shooting. (*Id.*). A "Pre-Disciplinary Conference" was held on June 30, 2003. (CV-05-1379, Docket No. 45, ¶ 47). On that occasion, Waters sustained four of the complaints which Depp had lodged against Baranowski. (CV-05-1379, Docket No. 26-10, pp. 122-125). Baranowski subsequently learned that his job was in jeopardy. (CV-05-1379, Docket No. 45, ¶ 47). Fearing the loss of his retirement and medical benefits, which would have been forfeited if he had been terminated by the PSP for disciplinary reasons, Baranowski gave the PSP his "notice of retirement" on July 7, 2003. (CV-05-1379, Docket Nos. 45 & 49, ¶¶ 49-50). Shortly thereafter, he was relieved of his duties as a sergeant and placed on desk duty. (*Id.*, ¶ 51).

On May 23, 2005, Baranowski commenced this action against Waters and Depp in the Court of Common Pleas of Fayette County, Pennsylvania, by filing a praecipe for a writ of summons. (CV-05-1379, Docket No. 38-9, pp. 2-3). Under Pennsylvania Rule of Civil Procedure 1007, the filing of a praecipe constitutes the commencement of a civil action. *Shackelford v. Chester County Hospital*, 690 A.2d 732, 734 (Pa.Super.Ct. 1997). Instead of proceeding further, however, Baranowski commenced a separate action against Waters and Depp in this Court on September 30, 2005, alleging that he had been constructively discharged in violation of the First and Fourteenth Amendments.[2] (CV-05-1379, Docket No. 1). These claims

---

[2]The Court acknowledges that Waters and Depp dispute Baranowski's assertion that he was constructively discharged. Because that issue is inconsequential, the Court assumes *arguendo* that Baranowski was constructively discharged. *Baranowski v. Waters*, Civil Action No. 05-1379, 2008 WL 728366, at *6, 2008 U.S. Dist. LEXIS 21301, at *20-21, n. 3 (W.D.Pa. March 18, 2008).

3

were brought pursuant to 42 U.S.C. § 1983.

In an opinion dated March 18, 2008, the Court granted summary judgment in favor of Waters and Depp. *Baranowski v. Waters*, Civil Action No. 05-1379, 2008 WL 728366, 2008 U.S. Dist. LEXIS 21301 (W.D.Pa. March 18, 2008). Summary judgment was granted for two different reasons. First, it was determined that the filing of the praecipe in the Court of Common Pleas had not tolled the two-year statute of limitations applicable to Baranowski's subsequent action in this Court, and that the limitations period applicable to that action had already expired.[3] *Baranowski*, 2008 WL 728366, at *4-12, 2008 U.S. Dist. LEXIS 21301, at *10-40. Second, it was determined that even if the Court were to assume *arguendo* that Baranowski's second action had been commenced in a timely manner, Waters and Depp were nevertheless entitled to summary judgment on the ground that Baranowski could not establish a violation of the First and Fourteenth Amendments.[4] *Baranowski*, 2008 WL 728366, at *13-26, 2008 U.S. Dist. LEXIS 21301, at *40-85.

Baranowski filed a motion for reconsideration on March 27, 2008. (CV-05-1379, Docket No. 63). The record was supplemented with evidence that Waters and Depp had intelligently waived the statute of limitations defense with respect to the issue of tolling. (CV-05-1379,

---

[3] Baranowski's federal constitutional claims were brought pursuant to 42 U.S.C. § 1983. Section 1983 does not contain its own statute of limitations. Nevertheless, 42 U.S.C. § 1988(a) incorporates state statutes of limitations as "binding rules of law." *Board of Regents v. Tomanio*, 446 U.S. 478, 484 (1980). In *Wilson v. Garcia*, 471 U.S. 261, 276-280 (1985), the Supreme Court held that § 1983 actions were subject to the relevant state's statute of limitations for personal injury actions. In Pennsylvania, personal injury actions are subject to a two-year statute of limitations. 42 PA. CONS. STAT. § 5524(2), (7). Baranowski was constructively discharged on July 7, 2003. He filed the praecipe (which constituted the commencement of this action) on May 23, 2005, but he did not commence his subsequent action until September 30, 2005.

[4] The Court references the Fourteenth Amendment in this context to acknowledge that the provisions of the First Amendment are applicable to the States only by virtue of the Fourteenth Amendment's Due Process Clause. *Locke v. Davey*, 540 U.S. 712, 718 (2004).

Docket No. 63-2). Baranowski also filed a complaint in the Court of Common Pleas, alleging that he had been constructively discharged in violation of the First and Fourteenth Amendments to the United States Constitution and Article I, Sections 7[5] and 26[6] of the Pennsylvania Constitution. (Docket No. 1-2, pp. 2-5). On April 18, 2008, Waters and Depp removed the case to this Court pursuant to 28 U.S.C. § 1441. (Docket No. 1). This was done while Baranowski's motion for reconsideration in the other case was still pending.

The Court partially granted Baranowski's motion for reconsideration on August 25, 2008, holding that Waters and Depp had intelligently waived their statute of limitations defense with respect to the issue of tolling and vacating the prior decision to the extent that it had relied on the statute of limitations as a basis for granting summary judgment in their favor. *Baranowski v. Waters*, 2008 WL 4000406, at *4-16, 2008 U.S. Dist. LEXIS 64802, at *10-51 (W.D.Pa. August 25, 2008). Nevertheless, the Court reaffirmed its prior determination that Baranowski could not establish a violation of the First and Fourteenth Amendments. *Baranowski*, 2008 WL 4000406, at *16-22, 2008 U.S. Dist. LEXIS 64802, at *51-69. Thus, the partial vacatur of the earlier

---

[5]Article I, Section 7 of the Pennsylvania Constitution provides:
The printing press shall be free to every person who may undertake to examine the proceedings of the Legislature or any branch of government, and no law shall ever be made to restrain the right thereof. The free communication of thoughts and opinions is one of the invaluable rights of man, and every citizen may freely speak, write and print on any subject, being responsible for the abuse of that liberty. No conviction shall be had in any prosecution for the publication of papers relating to the official conduct of officers or men in public capacity, or to any other matter proper for public investigation or information, where the fact that such publication was not maliciously or negligently made shall be established to the satisfaction of the jury; and in all indictments for libels the jury shall have the right to determine the law and the facts, under the direction of the court, as in other cases.
PA. CONST., ART. I, § 7.

[6]Article I, Section 26 of the Pennsylvania Constitution provides:
Neither the Commonwealth nor any political subdivision thereof shall deny to any person the enjoyment of any civil right, nor discriminate against any person in the exercise of any civil right.
PA. CONST., ART. I, § 26.

decision did not disturb the Court's ultimate conclusion that Waters and Depp were entitled to summary judgment. Baranowski filed a notice of appeal on September 24, 2008, and the case is currently pending before the United States Court of Appeals for the Third Circuit. (CV-05-1379, Docket No. 73).

The instant case is the one that was originally commenced by the filing of the praecipe in the Court of Common Pleas on May 23, 2005. This case remained dormant until the Court determined that the filing of the praecipe had not tolled the statute of limitations applicable to Baranowski's other action. Baranowski apparently filed the praecipe solely for the purpose of tolling the limitations period, mistakenly believing that he would thereafter be free to commence his subsequent action in this Court more than two years after his constructive discharge. *Baranowski*, 2008 WL 728366, at *3, 2008 U.S. Dist. LEXIS 21301, at *7. As the Court acknowledged on August 25, 2008, Waters and Depp informally waived their statute of limitations defense in the second action (with respect to the issue of tolling) so that Baranowski would not have to file a complaint in the Court of Common Pleas.[7] *Baranowski*, 2008 WL 4000406, at *4-13, 2008 U.S. Dist. LEXIS 64802, at *10-41. They had expressed their intention to remove the instant action to this Court in any event, and the parties evidently agreed that it would be more expeditious for them to litigate the untimely-filed second action than to engage in the procedural maneuvers necessary to bring this timely-filed action before the Court. *Id.* It was

---

[7]The Court uses the phrase "with respect to the issue of tolling" to qualify its finding that Waters and Depp intelligently waived their statute of limitations defense. In the other action, Depp argued that the filing of the praecipe had been untimely with respect to the claims against him because his initiation of the disciplinary complaints against Baranowski had occurred more than two years prior to the filing of the praecipe. (CV-05-1379, Docket No. 24, pp. 4-5). This issue was never waived. The Court ultimately rejected Depp's argument, holding that the two-year limitations period with respect to both Waters and Depp was measured from the date of Baranowski's constructive discharge. *Baranowski v. Waters*, Civil Action No. 05-1379, 2008 WL 4000406, at *14-16, 2008 U.S. Dist. LEXIS 64802, at *43-51 (W.D.Pa. August 25, 2008).

permissible for the parties to proceed in this manner, since the statute of limitations was an affirmative defense that Waters and Depp were free to waive. *Id.*

Waters and Depp filed a motion for summary judgment on October 3, 2008, contending that Baranowski's claims were barred by the doctrine of *res judicata*.[8] (Docket No. 10). That motion is the subject of this memorandum opinion.

### III. <u>Standard of Review</u>

Summary judgment may only be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Fed. R. Civ. P. 56(c)*. Pursuant to Federal Rule of Civil Procedure 56(c), the Court must enter summary judgment against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In evaluating the evidence, the Court must interpret the facts in the light most favorable to the non-moving party, drawing all reasonable inferences in his or her favor. *Watson v. Abington Twp.*, 478 F.3d 144, 147 (3d Cir. 2007). The burden is initially on the moving party to demonstrate that the evidence contained in the record does not create a genuine issue of material fact. *Conoshenti v. Public Serv. Elec. & Gas Co.*, 364 F.3d 135, 140 (3d Cir. 2004). A dispute is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *McGreevy v. Stroup*, 413 F.3d 359, 363 (3d Cir. 2005). Where the non-moving party will

---

[8]Because of the unique circumstances of this case, discovery was stayed on the same day that Waters and Depp filed their motion for summary judgment. (Docket No. 14).

bear the burden of proof at trial, the moving party may meet its burden by showing that the admissible evidence contained in the record would be insufficient to carry the non-moving party's burden of proof. *Celotex*, 477 U.S. at 322. Once the moving party satisfies its burden, the burden shifts to the non-moving party, who must go beyond his or her pleadings and designate specific facts by the use of affidavits, depositions, admissions or answers to interrogatories in order to show that there is a genuine issue of material fact for trial. *Id.* at 324. The non-moving party cannot defeat a well supported motion for summary judgment by simply reasserting unsupported factual allegations contained in his or her pleadings. *Williams v. Borough of West Chester*, 891 F.2d 458, 460 (3d Cir. 1989).

In this case, the issues are presented in a rather straight-forward manner. Because the issue of *res judicata*, if resolved in favor of Waters and Depp, would render discovery unnecessary, the Court stayed discovery in this case (at the request of Waters and Depp) on the same day that the motion for summary judgment was filed. (Docket Nos. 13 & 14). The issues presently before the Court are essentially legal in nature.

## IV. Discussion

Waters and Depp contend that they are entitled to summary judgment on the ground that Baranowski's claims are barred by the doctrine of *res judicata*. (Docket No. 12, pp. 2-5). As a general matter, *res judicata* precludes parties to litigation (and their privies) from relitigating matters that have already been resolved by a court of competent jurisdiction. *Turner v. Crawford Square Apartments III, L.P.*, 449 F.3d 542, 548-551 (3d Cir. 2006). This doctrine, which predates the Republic, is firmly embedded within the American legal system.

The Full Faith and Credit Clause of the United States Constitution incorporates the

doctrines of *res judicata* and collateral estoppel as the law of our Union.[9] *Riley v. New York Trust Co.*, 315 U.S. 343, 349 (1942). That constitutional provision, however, only limits the prerogatives of "each State." U.S. CONST., ART. IV, § 1. By its own terms, the Constitution does not impose the doctrine of *res judicata* on the Federal Judiciary. *Kremer v. Chemical Construction Corp.*, 456 U.S. 461, 483, n. 24 (1982). Nevertheless, when a judgment is rendered by a state tribunal, federal courts are statutorily bound to accord that judgment *res judicata* and collateral estoppel effect by virtue of 28 U.S.C. § 1738.[10] "This statute has long been understood to encompass the doctrines of res judicata, or 'claim preclusion,' and collateral estoppel, or 'issue preclusion.'"[11] *San Remo Hotel, L.P. v. City & County of San Francisco*, 545 U.S. 323, 336 (2005). Consequently, a federal court must give a judgment rendered by a state court the same

---

[9]The Full Faith and Credit Clause provides:
Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State; And the Congress may by general Laws prescribe the Manner in which such Acts, Records and Proceedings shall be proved, and the Effect thereof.
U.S. CONST., ART. IV, § 1.

[10]The Full Faith and Credit Statute provides:
The Acts of legislature of any State, Territory, or Possession of the United States, or copies thereof, shall be authenticated by affixing the seal of such State, Territory or Possession thereto.

The records and judicial proceedings of any court of any such State, Territory or Possession, or copies thereof, shall be proved or admitted in other courts within the United States and its Territories and Possessions by the attestation of the clerk and seal of the court annexed, if a seal exists, together with a certificate of a judge of the court that the said attestation is in proper form.

Such Acts, records and judicial proceedings or copies thereof, so authenticated, shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory or Possession from which they are taken.
28 U.S.C. § 1738.

[11]"Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action. Under collateral estoppel, once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case." *Allen v. McCurry*, 449 U.S. 90, 94 (1980)(citations omitted).

preclusive effect that it would be accorded by another state tribunal. *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 293 (2005). Because the judgment relied upon by Waters and Depp was rendered by this Court (i.e., a federal court) rather than by a state court, § 1738 does not directly require the application of *res judicata* in this case. Accordingly, the applicability of *res judicata* in this case is governed by federal common law. *Semtek International, Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 506-508 (2001). Of course, the federal common law of *res judicata* is inevitably shaped by the policy considerations underlying both the Full Faith and Credit Clause and § 1738. *University of Tennessee v. Elliott*, 478 U.S. 788, 799 (1986)("The Full Faith and Credit Clause is of course not binding on federal courts, but we can certainly look to the policies underlying the Clause in fashioning federal common-law rules of preclusion.").

The federal law of claim preclusion requires a defendant asserting the defense of *res judicata* to establish that: (1) there has been a final judgment on the merits of a prior suit; (2) the prior suit involved the same parties (or their privies) as the suit in which the defense of *res judicata* is being asserted; and (3) the suit in which the defense is being asserted is based on the same "cause of action" as the prior suit. *Lubrizol Corp. v. Exxon Corp.*, 929 F.2d 960, 963 (3d Cir. 1991). "The determination of whether two suits are based on the same cause of action turns on the essential similarity of the underlying events giving rise to the various legal claims." *General Electric Co. v. Deutz AG*, 270 F.3d 144, 158 (3d Cir. 2001). In making such a determination, a court must consider whether the material facts alleged were the same in both actions, and whether the same evidence used to maintain the first action would be used to maintain the second action. *United States v. Athlone Industries, Inc.*, 746 F.2d 977, 984 (3d Cir.

1984).  *Res judicata* "will operate to bar not only identical repetitive suits, but also to prevent the assertion of a different legal theory which arises from the same liability creating conduct," and which the plaintiff had a reasonable opportunity to assert in the initial action.  *Seamon v. Bell Telephone Co.*, 576 F.Supp. 1458, 1460 (W.D.Pa. 1983).  A plaintiff is not entitled to maintain a second lawsuit merely because he or she advances a different legal theory than that advanced in the first lawsuit.  *Underwriters National Assurance Co. v. North Carolina Life & Accident & Health Insurance Guaranty Association*, 455 U.S. 691, 710 (1982)("A party cannot escape the requirements of full faith and credit and res judicata by asserting its own failure to raise matters clearly within the scope of a prior proceeding."); *Allen v. McCurry*, 449 U.S. 90, 94 (1980)("Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were *or could have been* raised in that action.")(emphasis added).

It is clear that this action is based on the same events, allegations and evidence as the other action.  All relevant factors point in the direction of a finding that Baranowski's claims are barred by the doctrine of *res judicata*.  Indeed, Baranowski filed his complaint in the Court of Common Pleas *only* because this Court had held, on March 18, 2008, that his other action had been barred by the statute of limitations.  (CV-05-1379, Docket No. 70-2, pp. 29-31).  This fact is not disputed by the parties.  Therefore, there is no need for an exhaustive, generic analysis as to whether *res judicata* is applicable.  The Court will, however, proceed to address the specific arguments raised by Baranowski in opposition to the pending motion for summary judgment.

Relying on the decision of the United States Court of Appeals for the Ninth Circuit in *Zhang v. Dept. of Labor & Immigration*, 331 F.3d 1117 (9th Cir. 2003), Baranowski argues that

the Court's dismissal of his other action on statute of limitations grounds renders *res judicata* inapplicable to the present case. (Docket No. 19, pp. 2-4). In *Zhang*, the Court of Appeals declared that "[a] dismissal on statute of limitations grounds generally does not bar a subsequent action in a different forum when the limitations period in the second forum is longer than the first, and has not yet expired." *Zhang*, 331 F.3d at 1118. The Court acknowledges that the reasoning in *Zhang* would preclude the application of *res judicata* in this case if the earlier case had been dismissed *solely* on statute of limitations grounds. *Semtek International, Inc.*, 531 U.S. at 504 ("With regard to the claim-preclusion issue involved in the present case, for example, the traditional rule is that expiration of the applicable statute of limitations merely bars the remedy and does not extinguish the substantive right, so that dismissal on that ground does not have claim-preclusive effect in other jurisdictions with longer, unexpired limitation periods."). Unfortunately for Baranowski, that is not what happened. The Court granted summary judgment in favor of Waters and Depp on *both* statute of limitations grounds *and* First Amendment grounds. *Baranowski*, 2008 WL 728366, at *4-27, 2008 U.S. Dist. LEXIS 21301, at *10-85. The Court's alternative First Amendment determination, as "the product of careful judicial reasoning," is entitled to the same preclusive effect that it would be accorded if the statute of limitations issue had never come into play. *Jean Alexander Cosmetics, Inc. v. L'Oreal USA, Inc.*, 458 F.3d 244, 254-255 (3d Cir. 2006). Moreover, the Court's determination with respect to the statute of limitations was vacated on August 25, 2008, leaving the determination concerning the First Amendment as the *sole* basis for the ultimate conclusion that Waters and Depp were

entitled to summary judgment.[12] *Baranowski*, 2008 WL 4000406, at *4-22, 2008 U.S. Dist. LEXIS 64802, at *10-72. The merits-based adjudication of Baranowski's other action distinguishes this case from *Zhang*. The coincidental presence of a statute of limitations issue in the other action does not provide a basis for refusing to apply the doctrine of *res judicata* in this case. Baranowski cannot reasonably claim that the application of *res judicata* in this action is unfair or inequitable. *Zhang*, 331 F.3d at 1119 ("Additionally, we have recognized that res judicata should not apply to a previous dismissal that was based on the statute of limitations *if the effect of the bar would be unfair*.")(emphasis added).

Baranowski makes the additional argument that this action is not barred by the doctrine of *res judicata* because it was originally commenced prior to his other action. (Docket No. 19, pp. 3-4). This argument is without merit. When two concurrent cases are based on the same cause of action, the first case to be *adjudicated* is entitled to preclusive effect. *Williamson v. Columbia Gas & Electric Corp.*, 186 F.2d 464, 466 (3d Cir. 1950). It makes no difference which action was *commenced* first. *Banks v. County of Allegheny*, 568 F.Supp.2d 579, 582-583 (W.D.Pa. 2008). "[F]or purposes of res judicata, the effective date of a final judgment is the date of its rendition, without regard to the date of the commencement of the action in which it is rendered or the action in which it is to be given effect."[13] *Osiris Enterprises v. Borough of Whitehall*, 398

---

[12]Baranowski appears to concede that he cannot relitigate his First Amendment claims in this action, since they were already adjudicated in his other action. (Docket No. 19, pp. 4-5).

[13]The affirmative defense of *res judicata* differs from the jurisdictional bar typically referred to as the "*Rooker-Feldman* doctrine." The *Rooker-Feldman* doctrine, which derives its name from the United States Supreme Court's decisions in *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), deprives a federal district court of subject-matter jurisdiction in a case brought by a state-court loser who complains of injuries caused by a state-court judgment rendered prior to the *commencement* of the federal-court action. *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 (2005). This doctrine is based on 28 U.S.C. § 1257(a), which gives the Supreme Court jurisdiction to review certain judgments or decrees "rendered by the highest court of a State." Because Congress has provided the Supreme Court (and no other

13

F.Supp.2d 400, 410 (W.D.Pa. 2005). Although this action was commenced before Baranowski's other action, the other action was obviously adjudicated first.[14] Consequently, that adjudication is entitled to preclusive effect in this case.

In this action, Baranowski asserts claims that were not asserted in his other action. In addition to the First Amendment claims which parallel those pursued in the other action, Baranowski asserts federal claims based on the Due Process and Equal Protection Clauses of the Fourteenth Amendment and state claims based on the Pennsylvania Constitution. (Docket No. 1-2, ¶¶ 12-15). As noted earlier, however, Baranowski is not entitled to maintain another action merely because he advances new theories of recovery. *Seamon*, 576 F.Supp. at 1460. The doctrine of *res judicata* prevents a party from pursuing claims that he or she could have pursued

---

federal court) with jurisdiction to review state-court judgments involving federal questions, a federal district court has no jurisdiction to entertain an action that, in substance, would merely constitute an appeal of a state court's decision. *Moore v. City of Asheville*, 396 F.3d 385, 392, n. 2 (4th Cir. 2005). When the *Rooker-Feldman* doctrine is at issue, the date on which the federal-court action is *commenced* matters. If the federal-court action is commenced *before* the state-court judgment is rendered, federal-court jurisdiction does not terminate upon the entry of the judgment in the state court. *Exxon Mobil Corp.*, 544 U.S. at 293. Instead, the federal court is simply bound by the *res judicata* and collateral estoppel effects of the state-court judgment. *Id.* On the other hand, if the federal-court action is commenced *after* the state-court judgment is rendered, the federal court has no subject-matter jurisdiction to entertain the suit. *Id.* at 283-284. For this reason, the *Rooker-Feldman* doctrine can be invoked as a jurisdictional bar only where a federal-court action has been *commenced* after the rendering of a judgment by a state court. *Green v. City of New York*, 438 F.Supp.2d 111, 119-121 (E.D.N.Y. 2006). The present case is governed by the doctrine of *res judicata* rather than by the *Rooker-Feldman* doctrine. Hence, the order in which Baranowski commenced his two actions is not relevant. *Banks v. County of Allegheny*, 568 F.Supp.2d 579, 582-583 (W.D.Pa. 2008).

[14]In *Stevenson v. Silverman*, 208 A.2d 786 (Pa. 1965), the Pennsylvania Supreme Court stated that "[a] final valid judgment upon the merits by a court of competent jurisdiction bars any *future suit* between the same parties or their privies on the same cause of action." *Stevenson*, 208 A.2d at 788 (emphasis added; subsequent emphasis omitted). Baranowski argues that because this action was commenced earlier than his other action, this action cannot be fairly characterized as a "future suit" of the kind referenced in *Stevenson*. (Docket No. 19, p. 3). This argument is unavailing for several different reasons. The Pennsylvania Supreme Court may not have used the word "future" as a term of art. Even if the word "future" was intended to connote legal significance, it is not clear whether the Pennsylvania Supreme Court considered a "future suit" to be an action *commenced* in the future rather than an action *adjudicated* in the future. In any event, the application of *res judicata* in this case is not governed by Pennsylvania law. Instead, it is governed by federal common law, since this Court (i.e., a *federal* court) adjudicated Baranowski's other action. *Semtek International, Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 506-508 (2001). Therefore, the language in *Stevenson* relied upon by Baranowski is of no dispositive significance.

(but did not pursue) in a previously-adjudicated action. *Gregory v. Chehi*, 843 F.2d 111, 116 (3d Cir. 1988). Baranowski could have asserted all of his federal constitutional claims in the other action pursuant to § 1983. Moreover, the Court would have had supplemental jurisdiction to entertain his state constitutional claims pursuant to 28 U.S.C. § 1367(a). Because no jurisdictional bar prevented Baranowski from pursuing all of his claims in the other action, the doctrine of *res judicata* precludes him from asserting such claims in this action.[15] *Turner*, 449 F.3d at 550.

There is one further point which must be made. In determining that Baranowski's claims are barred by the doctrine of *res judicata*, the Court relies on its merits-based determination of August 25, 2008, to distinguish this case from *Zhang*. As noted earlier, that determination has been appealed, and the matter is currently pending before the United States Court of Appeals for the Third Circuit. (CV-05-1379, Docket No. 73). If, by some chance, the Court of Appeals rules against Baranowski on statute of limitations grounds without reaching the merits of his claims, the *res judicata* effects of this Court's merits-based decision may be impugned. *Nodland v. Nokota Co.*, 314 N.W.2d 89, 92 (N.D. 1981)("A finding of the trial court not passed upon by an appellate court because it was unnecessary for the appellate court's decision does not leave that finding res judicata between the parties."). "[T]o consider a party bound in later actions by a trial court's determination which was ignored on appeal is to deprive the party of a statutory right of appeal." *Speyer, Inc. v. Goodyear Tire & Rubber Co.*, 295 A.2d 143, 266-267 (Pa.Super.Ct.

---

[15]In light of this determination, the Court has no occasion to consider the alternative arguments raised by Waters and Depp. Specifically, the Court need not determine whether Baranowski can maintain a private action for violations of the Pennsylvania Constitution, or whether state-law sovereign immunity shields Waters and Depp from Baranowski's state constitutional claims. (Docket No. 27, ¶ 12).

1972). While the possibility may be remote, the Court is not indifferent to Baranowski's danger of "falling between the cracks." *Picon v. Morris*, 933 F.2d 660, 662 (8th Cir. 1991).

This hypothetical anomaly, however, does not warrant the denial of the pending motion for summary judgment. Since today's decision is "based on" the Court's earlier decision in Baranowski's other action, Federal Rule of Civil Procedure 60(b)(5) will provide Baranowski with a mechanism to seek relief from today's decision in the unlikely event that the Court of Appeals' resolution of his appeal operates to deprive this Court's earlier decision of its preclusive effect in this case.[16] *California Medical Association v. Shalala*, 207 F.3d 575, 577-578 (9th Cir. 2000). Should the circumstances change in such a way as to undercut the basis for today's holding, the Court sees no reason why this case could not be reopened.[17] *Communication Workers of America v. American Telephone & Telegraph Co.*, 932 F.2d 199, 213 (3d Cir. 1991).

**V.     Conclusion**

For the foregoing reasons, Baranowski's claims are barred by the doctrine of *res judicata*.

---

[16] The applicable language of Federal Rule of Civil Procedure 60(b)(5) provides that a court "may relieve a party or its legal representative from a final judgment, order, or proceeding" where "the judgment . . . is based on an earlier judgment that has been reversed or vacated," or where "applying it prospectively is no longer equitable." FED. R. CIV. P. 60(b)(5). Subsection (6) permits relief to be granted for "any other reason that justifies relief." FED. R. CIV. P. 60(b)(6).

[17] The Court does not mean to suggest that Baranowski could have this case reopened merely because of future legal developments in a generic sense. Instead, the Court refers specifically to a scenario in which, through no fault of his own, Baranowski is unable to get the merits of his claims in the other action before the Court of Appeals. *Dowell v. State Farm Fire & Casualty Automobile Insurance Co.*, 993 F.2d 46, 48 (4th Cir. 1993)("As correctly noted by the district court, merely such a decisional change in the law subsequent to the issuance of a final judgment, especially, as here, *where the earlier judgment is neither res judicata nor provides collateral estoppel*, does not provide a sufficient basis for vacating the judgment under Rule 60(b)(5).")(emphasis added). With respect to *res judicata*, there is only one judgment in a given case, which is that rendered by the final court to address the matter. *Speyer, Inc. v. Goodyear Tire & Rubber Co.*, 295 A.2d 143, 266 (Pa.Super.Ct. 1972). This Court's merits-based decision in the other action would no longer be a legitimate basis for applying the doctrine of *res judicata* in this case if the Court of Appeals were to rule against Baranowski on statute of limitations grounds without reaching the merits of his claims. *Id.* at 266-267 ("Third, it has been held that to consider a party bound in later actions by a trial court's determination which was ignored on appeal is to deprive the party of a statutory right of appeal.").

The controversy stemming from Baranowski's constructive discharge has already been fully litigated, and there is no basis for permitting this action to proceed further. Waters and Depp are entitled to summary judgment.

Accordingly, IT IS HEREBY ORDERED that the Defendants' Motion for Summary Judgment (*Docket No. [10]*) is **GRANTED**. An appropriate Order to follow.

BY THE COURT:

*s/ Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

Dated: February 10, 2009

cc/ecf: All counsel of record